UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESTER SYLVESTER BROWN,

v.                                        Case No. 8:06-cr-66-T-24TBM
                                                   8:07-cv-1215-T-24TBM

UNITED STATES OF AMERICA.

_____

## O R D E R

This cause is before the Court upon Defendant Lester Sylvester Brown's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-23) (hereafter "motion" or "motion to vacate").  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

PROCEDURAL HISTORY

On March 30, 2006, Brown pled guilty, without a plea agreement, to "Being found in the United States after deportation for an aggravated felony" in violation of 8 U.S.C. 1326(a) & (b)(2). (Doc. cr-16).   The Government had previously, on March 22, 2006, filed a document entitled "Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis"  The Government's Notice reads:

ELEMENTS OF OFFENSE

The essential elements of a violation of 8 U.S.C. § 1326
are as follows:

First:         That the defendant was an alien at

the times alleged in the indictment;

Second:        That the defendant had previously
               been deported from the United
               States;

Third:         That the defendant thereafter was
               found to be voluntarily in the
               United States; and

Fourth:        That the defendant had not
               received the consent of the
               Attorney General of the United
               States or the Secretary of the
               Department of Homeland Security
               to apply for re-admission to the
               United States.

## MAXIMUM PENALTY

The penalty for the offense charged in Count One of the Indictment is:

Imprisonment for not more than twenty (20) years;
Supervised release for not more than three (3) years;
Fine of not more than $250,000; and a
Special Assessment of $100.

## FACTUAL BASIS

The defendant, Lester Sylvester Brown, is a native and citizen of Jamaica, allegedly born on or about January 16, 1939, in St. Mary, Jamaica. He has felony convictions for: Sale of Controlled Substance (Cocaine), Case No. CF86-2175A1-XX, on or about November 6, 1986, in the Circuit Court of Polk County, Florida; Sale or Delivery of Cannabis, Case No. 92-12689-CF-A, on or about January 13, 1993, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida; and An alien previously arrested and deported from the United States, being found unlawfully in the United States without having first applied for and received permission of the Attorney General to reapply for admission, Case No. 93-11-Cr-J-10, on or about May 14, 1993, in the United States District Court for the Middle District of Florida. He was deported to Jamaica out of New Orleans, Louisiana on September 5, 1996. He was also

2

deported to Jamaica on July 10, 1992, out of Miami, Florida.

On February 17, 2006, the defendant was found at his residence in Lakeland, Polk County, Middle District of Florida by agents of Immigration and Customs Enforcement (ICE). Post-Miranda, the defendant admitted he was a citizen of Jamaica, had been deported, and that he was in the U.S. illegally, arriving in 2002, not having requested permission to re-enter after his deportation.

The defendant was found to be in the United States voluntarily without having received the consent of the Attorney General of the United States or the Secretary for    the Department of Homeland Security to re-apply for admission.

(Doc. cr-15).

On July 7, 2006, the Court sentenced Brown to thirty-six months incarceration.

Judgment was entered that same day. (Doc. cr-21).  Brown did not appeal.

## PRESENT MOTION TO VACATE

Brown signed the motion to vacate on July 6, 2007.  The motion to vacate is timely.

## DISCUSSION

Brown raises one ground for relief in the motion to vacate:

Whether Counsel's failure to perfect notice of appeal, despite Petitioner's timely request, constitutes ineffective assistance of counsel.

In support, Brown alleges:

Petitioner was charged and convicted of illegal reentry into the United States.  A sentence of 36 months was imposed by the Court on July 7, 2006. Subsequently, the court advised Petitioner of his right to appeal and Petitioner requested counsel to perfect an appeal in order to challenge the underlying prior deportation order that was fundamentally unfair, given that the causative prior conviction was not a deportable offense.

(Doc. cv-1 at p. 5).

In his memorandum of law, Brown expands on his supporting facts. He alleges:

3

Petitioner. . . is not challenging his sentence for the alleged illegal reentry, but challenging trial counsel's failure to challenge petitioner's underlying prior deportation order, which caused the current charges for illegal reentry.  Hence, absent petitioner's prior deportation order entered sometime in <u>1988</u>, petitioner would not have been found guilty of illegal reentry. . .

Thus, during this court's proceeding in the instant case, petitioner requested that counsel challenge the underlying deportation order, but counsel informed petitioner that a challenge to a prior order of deportation could only be done in the Court of Appeals.  Hence, petitioner requested that counsel file an appeal in order to challenge the underlying 1988 deportation. Regrettably, counsel failed to file a notice of appeal even though counsel had promised to honor petitioner's request.

Indeed, under the REAL ID Act of May, 2005, 8 U.S.C. § 1252(a)(a)(5), as amended in section 242(b)(9), all jurisdiction to review [sic] of any removal order, was withdrawn from the district courts.  Thus, section 106(a)(1)(B), of the REAL ID Act, created section 242(a)(5) of the Ac, providing exclusive means of review of removal order to the Appellate Court under petition to review.

(Doc. cv-2 at pp. 2-3).

<u>Gomez-Diaz v. United States</u>

On December 20, 2005, the United States Court of Appeals for the Eleventh Circuit, decided *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005). Gomez-Diaz was convicted of, and sentenced for, federal offenses after entering into a plea agreement that included a sentence appeal waiver. *Id.* at 790.  Gomez-Diaz then filed a pro se section 2255 motion alleging that his counsel had failed to file a requested notice of appeal. *Id.* The district court dismissed the motion to vacate without an evidentiary hearing because Gomez-Diaz had not identified any ground for appeal that fell within any exception to his sentence appeal waiver. *Id.* The Eleventh Circuit vacated and remanded. *Id.* at 793. In doing so, the Eleventh Circuit: (1) read Gomez-Diaz's pleading liberally to allege that he had asked counsel to file an appeal but counsel had recommended filing a section 2255

4

motion instead, *id.* at 792; (2) concluded that the district court had erred in denying an evidentiary hearing because the pleading was insufficient to indicate whether Gomez-Diaz's expression to counsel of his desire to appeal had triggered counsel's duty to do so or whether counsel had fulfilled his duty to consult with the petitioner to determine his wishes, *id.* at 793; and (3) held that if the evidence established either that counsel had acted contrary to Gomez-Diaz's wishes, or that counsel had failed to fulfill his duty to attempt to determine Gomez-Diaz's wishes, prejudice would be presumed and Gomez-Diaz would be entitled to an out-of-time appeal, "regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver[,]" *Id.*

Brown's Case Is Distinguishable from Gomez-Diaz's Case

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court established a three-step analytical framework to be applied in assessing ineffective assistance of counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Under *Flores-Ortega*, courts first must establish whether a defendant requested that his attorney file a notice of appeal. If such a request were made and disregarded, then counsel acted in a manner that was per se professionally unreasonable. *Id.* at 477. If, however, the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal. In this context, the term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 488. "If counsel has consulted with the defendant ... then [c]ounsel performs in a professionally unreasonable manner only by failing to follow

5

the defendant's express instructions with respect to an appeal." *Id.* If, however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id.* at 480. Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*

The analysis of Brown's case under *Flores-Ortega* demonstrates that his case is distinguishable from *Gomez-Diaz* and that Brown's motion to vacate can be denied without an evidentiary hearing.

First, Brown states that he requested counsel to challenge a 1988 deportation order, and that counsel informed him that a challenge to a deportation order could only be filed in the Court of Appeals.  Brown contends that he requested counsel to file an appeal to challenge the underlying 1988 deportation order, even though counsel had explained to Brown that she could not do so.  Brown admits, and correctly states, that the United States Court of Appeals for the Eleventh Circuit has <u>original jurisdiction</u> over a challenge to Brown's previous deportation order. *See Tefel v. Reno*, 180 F.3d 1286 (11th Cir. 1999). Therefore, Defense counsel could not have filed an appeal of the present case as a means of challenging Brown's 1988 deportation order.  Defense counsel discussed this issue with Brown and he indicates in his memorandum of law that he understood the law relative to

6

his 1988 deportation order. Defense counsel was appointed to represent Brown in the present case and was not required to file an original case in the United States Court of Appeals challenging Brown's 1988 deportation order, as she would have been required to do, in order to challenge the 1988 deportation order.

Furthermore, Brown does not allege that he ever challenged the previous deportation order by filing an appeal to the Board of Immigration Appeals (BIA), or that he filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the deportation order. Brown cannot now appeal to the BIA because the statute of limitations has run for challenging the Immigration Judge's previous deportation order. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139 (11th Cir. 1999). Neither can he file a 28 U.S.C. § 2241 petition in this Court, as this Court no longer has jurisdiction over challenges to deportation orders.

To prevail on his claim of ineffective assistance of counsel, Brown must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Brown to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. Brown has not met either prong of the *Strickland* standard, and his claim has no merit.

Accordingly, the Court orders:

That Brown's motion to vacate (Doc. cv-1; cr-23) is denied. The Clerk is directed to enter judgment against Brown in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

7

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 24, 2007.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Donald Hansen
Lester Sylvester Brown